# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-50054
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAVIS DONNELL KENNEDY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-126-2

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ravis Donnell Kennedy appeals from the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute cocaine and crack cocaine and possession with intent to distribute crack cocaine. Kennedy argues on appeal that the district court erred by converting 80.28 grams of powder cocaine found in his codefendant's residence into an equivalent amount of crack cocaine when determining his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the sentencing court's findings of fact for clear error and its application of the Sentencing Guidelines de novo. United States v. Burns, 526 F.3d 852, 859 (5th Cir. 2008). Based upon the evidence regarding Kennedy and his codefendant's crack cocaine dealings, it was foreseeable to Kennedy that the powder cocaine located in the codefendant's residence would be converted into crack cocaine. See United States v. Booker, 334 F.3d 406, 414 (5th Cir. 2003). The district court therefore did not clearly err by converting the 80.28 grams of powder cocaine into an equivalent amount of crack cocaine for sentencing purposes. See Burns, 526 F.3d at 859. Moreover, to the extent that Kennedy relies upon Kimbrough v. United States, 128 S. Ct. 558 (2007), his argument lacks merit because the crack/powder disparity discussed in Kimbrough does not prohibit a district court from converting powder cocaine into crack cocaine for sentencing purposes when it is otherwise appropriate for it to do so.

The district court's judgment is AFFIRMED.